# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### NOVEMBER TERM, 1922.

CLARENCE D. COSTELLO et al.

*v.*

THOMAS CUSACK COMPANY et al.

[Decided March 5th, 1923.]

1. A certificate of incorporation of a New Jersey corporation cannot be amended by adding provisions thereto which could not lawfully have been inserted in the original certificate.

2. Section 39 of the Corporation act declares what shall be the qualifications of a director of a corporation, and by implication constitutes a limitation upon the power of a corporation to alter or add to those qualifications.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Griffin.

*Mr. Robert H. McCarter* (*Mr. John M. Enright* on the brief), for the appellants.

*Mr. John J. Mulvaney* (*Messrs. Treacy & Milton* on the brief), for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainants, who are stockholders of the Thomas Cusack Company, filed their bill praying an injunction restraining that corporation and its stockholders from amending its certificate of incorporation by inserting therein the following provisions:

"No person shall be eligible to become or to remain a director of this corporation if he, or any member of his immediate family, shall be directly or indirectly interested either as owner, partner, stockholder, officer, director, agent, employe, attorney, lender of money, beneficiary, trustee or otherwise, in any business which competes with, or is antagonistic to, the business of this corporation.

"No attorney, agent, employe, partner, trustee or member of the immediate family of any person who is or becomes ineligible, under the provisions of the next preceding paragraph hereof, shall be eligible to become or remain a director of this corporation.

"Any director of this corporation disqualified to continue as such shall be subject to immediate removal from such office by the board of directors."

Upon the hearing the learned vice-chancellor considered that the injunction prayed for should be allowed, for the reason that, although it was within the power of the corporation to amend its certificate of incorporation in the manner intended, yet the exercise of that power was unreasonable and should not be permitted.

We concur in the result reached by the vice-chancellor, but we prefer to put our decision upon another ground. The defendant company was organized under our General Corporation law. Its powers are those conferred upon it by that statute. It had the right, under the provision of section 8 of the act, to insert any provision which it saw fit for the regulation of its business and the conduct of its affairs, and also

"any provision creating, defining, limiting and regulating the powers of the corporation, the directors and the stockholders, or any class or classes of stockholders; provided, such provision be not inconsistent" with other provisions of the statute. By section 27 of the act, it was authorized to amend, as it might see fit, its original certificate of incorporation, provided that the amendment should "contain only such provision as it would be lawful and proper to insert in an original certificate of incorporation made at the time of making such amendment." The question to be presently determined, therefore, is whether by these provisions power is conferred upon the defendant corporation to amend its certificate in the manner proposed. That the amendment cannot be made unless the intended added provisions might lawfully have been inserted in the original certificate is apparent from a reading of section 27. It is conceded by counsel that the right to make it depends upon the true construction of section 8, which authorizes the insertion in the original certificate of incorporation of "any provision defining, limiting and regulating the powers of * * * the directors." In our opinion, this statutory provision does not authorize the proposed amendment. It does not attempt to define, limit or regulate the *powers* of directors, but deals solely with the *qualifications* of such officers. It is argued that, even if it be considered that the provision in the statute does not expressly authorize such an amendment, yet the right to determine the qualifications of members of the board is necessarily implied in the power given by the statute to regulate the business and conduct the affairs of the corporation. There would be force in this contention except for the fact that the legislature itself, in section 39 of the act, has declared what shall be the qualifications of a director of a corporation; and that is that he shall be a *bona fide* holder of the stock thereof, and shall hold the number of shares that the corporation, by its certificate of incorporation or by-laws, shall have determined shall be necessary in order to qualify him to be a director. This section, it will be observed, contains not only a description of the qualification, but also, by implication, a limitation

upon the power of the corporation to alter the qualification; for, by declaring that a corporation may determine how many shares a person shall hold to qualify him as a director, it impliedly negatives the idea of the existence of any further power lodged in the corporation to impose additional restrictions upon the right of a stockholder to be chosen as a director by his fellow stockholders.

For the reason indicated, we conclude that the proposed amendment to the certificate of incorporation is not permitted by the statute, and that the injunction, therefore, was properly allowed.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, BLACK, KATZENBACH, GARDNER, ACKERSON, VAN BUSKIRK—10.

*For reversal*—None.